# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 26-cv-01132-RMR

FADI MAJED OSSEIRAN,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Aurora ICE Detention, and
ROBERT HAGAN, Director of ICE Field Office in Centennial, CO,

      Respondents.

---

## ORDER

---

This matter is before the Court on the Application for a Writ of Habeas corpus Pursuant to 28 U.S.C. § 2241 ("Application") filed by Fadi Majed Osseiran ("Petitioner").[1] ECF No. 4. Respondents filed a Response, ECF No. 18, and Petitioner filed a Reply, ECF No. 19. Respondents have also filed a Notice, indicating that "Respondents are, at this time, not continuing their opposition to the Amended Petition." ECF No. 20 at 2. The Court has reviewed the record and, for the reasons stated below, the Application is GRANTED.

Petitioner is a citizen of Lebanon and was admitted to the United States under a nonimmigrant visa in 1988. ECF No. 18 at 2. In 2005, he was convicted for violating Wyoming's felony child endangerment statute and sentenced to not less than two years

---

[1] Petitioner proceeds *pro se* and is currently detained by Immigration and Customs Enforcement ("ICE") at the Denver Contract Detention Facility in Aurora, Colorado. The Court must construe Petitioner's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See* Hall, 935 F.2d at 1110.

and not more than five years in prison. ECF No. 18-1 ¶ 6. A year later, he was convicted for violating federal statutes for possessing firearms and sentenced to 37 months in prison. *Id.* ¶ 7. Immigration and Customs Enforcement ("ICE") encountered Petitioner on February 18, 2009, and determined that he was subject to removal based on his criminal and immigration history. *Id.* ¶ 8.

On April 24, 2009, ICE officers arrested and detained Petitioner pending resolution of removal proceedings and Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"). *Id.* ¶¶ 9-10. On May 12, 2009, Petitioner appeared before an Immigration Judge ("IJ") for a master calendar hearing in removal proceedings, and the IJ ordered Petitioner removed to Lebanon. *Id.* ¶ 11. Petitioner waived his right to appeal the IJ's decision, and the order of removal became administratively final at the time. *Id.* On August 11, 2009, ICE conducted a Post Order Custody Review pursuant to 8 C.F.R. § 241.4, and ICE released Petitioner pending his removal on an order of supervision on August 20, 2009. *Id.* ¶ 12-13.

Years later, on April 4, 2018, Petitioner was convicted for violating Wyoming criminal trespass statutes and sentence to a fine. *Id.* ¶ 14. Then, on January 5, 2026, ICE officers encountered Petitioner and determined he was subject to a final order of removal. *Id.* ¶ 15. ICE detained Petitioner to effectuate his removal to Lebanon, and his release on supervision was revoked. *Id.* ¶ 15. Around February 24, 2026, ICE submitted travel documents to the government of Lebanon for Petitioner's removal for processing and approval. *Id.* ¶ 18. On April 3, 2026, ICE served Petitioner's Form I-229(a) notifying him of the consequences of taking any action to prevent or hamper his removal. *Id.* ¶ 19. The

next day, ICE conducted a personal interview with Petitioner, and Petitioner was given the opportunity to make a statement and provide documentation relevant to his custody review. *Id.* ¶ 20. Weeks later, the ICE review panel recommended Petitioner remain in custody because he did not satisfy the criteria for release under 8 C.F.R. § 241.4(e). *id.* ¶ 21. Currently, Petitioner remains detained under 8 U.S.C. § 1231. *Id.* ¶ 16.

On June 24, 2026, Respondents filed a Notice to the Court stating that they do not intend to continue their opposition to Petitioner's petition and "recognize that the Court may then grant the Petition and award appropriate relief." ECF No. 20 at 2. However, Respondents request the Court direct Petitioner's release on certain conditions to be set by the Department of Homeland Security ("DHS"). ECF No. 20 at 2 (citing 8 U.S.C. § 1231(a)(3) (stating that an alien who is not removed during the removal period "shall be subject to supervision under regulations" and providing the Attorney General with the authority to issue regulations on terms of supervision for an alien released pending removal); 8 C.F.R. §§ 241.4, 241.5, 241.13(h), 241.14 (regulations governing release of aliens pending removal); *Zadvydas v. Davis*, 533 U.S. 678, 700 (2001) (if a court orders an alien released from custody, "of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances").

Under 8 U.S.C. § 1231(a)(3), Petitioner "shall be subject to supervision under regulations prescribed by the Attorney general." The statute explains the "regulations shall include provisions requiring the alien (A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical and psychiatric

examination at the expense of the United States Government; (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien." *Id.* § 1231(a)(3). Therefore, the Court finds that DHS may set *reasonable* conditions of release in accordance with § 1231(a)(3).

Consistent with the above analysis, the Court **GRANTS** Petitioner's Application, ECF No. 4, and Respondents are **ORDERED** to release Petitioner from custody immediately, but no later than within 48 hours of this Order, and may impose reasonable conditions of release in accordance with § 1231(a)(3). Respondents **SHALL FILE** a status report within TWO DAYS of this Order to certify compliance. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED: June 26, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge